UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JENNINGS DAUGHERTY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00685-JPH-DLP |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Jennings Daugherty was convicted of dealing cocaine and related charges in Wayne County, Indiana, in 2011. Daugherty now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because it is time-barred. For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [8], is **granted,** and Daugherty's petition for a writ of habeas corpus is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

After a jury trial, Daugherty was sentenced to 24.5 years in the Indiana Department of Correction. Dkt. 8-7 at 5; Dkt. 8-1 at 6. The Indiana Court of Appeals denied Daugherty's appeal on November 28, 2011. Dkt. 8-7  He did not file a petition to transfer in the Indiana Supreme Court. Dkt. 8-2.

Daugherty filed a petition for post-conviction relief in state court on November 25, 2013, and withdrew it without prejudice on December 12, 2014. Dkt. 8-3 at 1-2. He refiled his petition on November 19, 2015. *Id*. at 2. The state post-conviction court denied the petition on July 2, 2019. *Id*. The Indiana Court of Appeals affirmed, and the Indiana Supreme Court denied his

petition to transfer on September 10, 2020. Dkt. 8-12; dkt. 8-14. Daugherty signed the instant petition for a writ of habeas corpus on December 22, 2020. Dkt. 2.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

## III. Discussion

### A. Statute of Limitations

Daugherty's conviction and sentence became final on December 28, 2011, when the time to petition to transfer to the Indiana Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining that a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). The one-year period of limitation expired on December 28, 2012.

Daugherty did not file his petition for post-conviction relief until November 25, 2013, nearly a year after his statute of limitations for federal habeas had expired. Although the statute of

limitations is tolled during the pendency of a petition for post-conviction relief, Daugherty's statute of limitations had already expired before he sought post-conviction relief. Therefore, his petition for habeas relief is time-barred.

### B. Equitable Tolling

Daugherty resists this conclusion by arguing that he is entitled to equitable tolling because his counsel failed to file his petition for post-conviction relief and retained his state court record until after his limitations period had expired.[1] He also argues that he is entitled to equitable tolling of the three months between the Indiana Supreme Court's denial of his petition to transfer and filing his federal petition because his facility was on lockdown due to the COVID-19 pandemic and he was prevented from accessing the law library.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2015).

"Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th

---

[1] The respondent argues that the Court should discount Daugherty's argument regarding his counsel's failure to file a petition for post-conviction relief because he has changed his argument in response to the motion to dismiss. His petition argued that he was entitled to equitable tolling because his counsel failed to petition to transfer the denial of his direct appeal. He now argues that his counsel failed to file a petition for post-conviction relief. Dkt. 13 at 1-2. The Court gives Daugherty the benefit of the doubt because even granting his arguments in favor of equitable tolling, his petition is still untimely.

3

Cir. 2016) (citations and quotation marks omitted); *see Socha*, 763 F.3d at 684 ("[T]olling is rare; it is reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.") (citation and quotation marks omitted).

Even if the Court accepts Daugherty's arguments that he is entitled to equitable tolling of the time between his conviction becoming final and his counsel withdrawing on April 8, 2013, and of the time between the Indiana Supreme Court denying his petition to transfer and his filing of the instant petition, Daugherty's petition would still be time-barred.

Daugherty has not shown that he diligently pursued his rights during two key time periods: 1) 231 days between his counsel withdrawing on April 8, 2013, and the filing of his petition for post-conviction relief on November 25, 2013; and 2) 332 days between his withdrawal of that petition on December 12, 2014, and refiling it on November 19, 2015. Daugherty does not raise any argument for equitable tolling of these 563 days. Thus, even if the Court found that he was entitled to equitable tolling for these periods, his petition would still be time-barred.

## IV. Conclusion

Daugherty has not shown the existence of circumstances permitting him to overcome the expiration of the one-year time limitation, and hence is not entitled to the relief he seeks. The respondent's motion to dismiss, dkt. [8], is therefore **granted** and the petition for a writ of habeas corpus is **dismissed with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("[t]he dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice").

Judgment consistent with this Order shall now issue.

## V. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds (such as untimeliness), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Daugherty's petition was filed beyond the expiration of the one-year statutory limitations period even after accounting for potential periods of equitable tolling. Jurists of reason would not disagree with this Court's resolution of this claim and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 7/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JENNINGS DAUGHERTY
961303
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov